The judgment of the court was pronounced by
Preston, J.
The plaintiff has brought suit in the Fourth District Court on promissory notes, given in 1844, for the price of land. In 1845, a suit was brought by the defendant, in the First District Court, to annul the sale, and to recover back the price on allegations of fraud. An answer was filed, the suit was transferred to the Fifth District Court, by the act of 1846, and is there still pending and untried.
*495 The defendant pleads the pendency of this suit in his defence, which plea the court sustained, and non-suited the plaintiff, who has appealed. He urges that the declinatory exception of a suit pending for the same cause of action, is not made in this suit. The defendant describes the suit in the Fifth District Court, and says, “ the pendency of this suit he pleads to the present action.” He might have set out his exception more fully and formally, but it appears to us sufficient as made.
The validity of the notes sued upon in this suit is pending in the first suit. For, if the sale is annulled, the notes given as the consideration, are thereby cancelled as to the vendor. Indeed, the plaintiff in the first suit, prays in his petition, that the consideration of the sale be returned to him. The Fifth District Court might decree the return of these notes, and the Fourth District Court that they should be paid. Our jurisprudence admits of no such conflict of jurisdiction.
The defendant may decline the jurisdiction of the court, before which an action is brought against him, when his exception arises from the fact of another suit being pending between the same parties, for the same object, and growing out of the same cause of action, before another court of concurrent jurisdiction. The suit must be dismissed, and the plaintiff decreed to pay the costs. Article 334 C. P. See also article 94, and the case of Bourgenon v. Destrehan, 5 L. R. 116.
The judgment of the district court is affirmed with costs.